UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>THE RUGGED BEAR COMPANY,<br><br>Debtor. | Chapter 7<br>Case No. 11-10577-HJB |
| STEWART F. GROSSMAN,<br>CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DECKERS OUTDOOR CORPORATION,<br><br>Defendant. | Adversary Proceeding<br>No. ______________ |

# COMPLAINT

## INTRODUCTORY STATEMENT

Stewart F. Grossman, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of The Rugged Bear Company (the "Debtor"), brings this Complaint to avoid preferential payments by the Debtor to Deckers Outdoor Corporation ("Deckers") made within 90 days before the date of the filing of the Debtor's bankruptcy petition. The Trustee also objects to the proof of claim filed by Deckers.

## PARTIES

1. The Trustee is the Chapter 7 Trustee of the Debtor's estate, appointed pursuant to 11 U.S.C. §§ 701(a)(1) and 702(d).

2. Upon information and belief, Deckers is a Delaware corporation with a place of business at 495A South Fairview Avenue, Goleta, California.

## JURISDICTION

3. This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334. It is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) and (F).

## STATEMENT OF FACTS

4. On January 25, 2011, the Debtor filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. On July 7, 2011, the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code. On July 8, 2011, the Trustee was appointed as trustee.

6. Upon information and belief, prior to October 27, 2010, the Debtor owed Deckers debts totaling approximately $71,833.08.

7. On or about November 5, 2010, Deckers entered into a Stipulation of Settlement (the "Settlement Stipulation") regarding the debts it was owed by the Debtor. Eight other creditors of the Debtor also entered into the Settlement Stipulation (collectively with Deckers, the "Settling Creditors"). Cooley LLP ("Cooley") served as counsel to each of the Settling Creditors. According to the Settlement Stipulation, the total owed by the Debtor to the Settling Creditors was $286,466.31.

8. Pursuant to the Settlement Stipulation, the Debtor was to make two payments of $90,000.00 each and then one payment of $95,000.00 to Cooley, each payment in settlement and partial satisfaction of the debts owed by the Debtor to the Settling Creditors. Pursuant to the Settlement Stipulation, upon receipt of each such payment, Cooley was to distribute the funds it received to the Settling Creditors on a *pro rata* basis.

9. Upon information and belief, within ninety days before the commencement of its bankruptcy case, the Debtor made two payments to Cooley of $90,000.00 each pursuant to the Settlement Stipulation.

10. Upon information and belief, Cooley distributed to Deckers its *pro rata* share of each of the two payments of $90,000.00 it received from the Debtor.

11. Upon information and belief, the amount of the *pro rata* share Cooley distributed to Deckers from each of the $90,000.00 payments it received from the Debtor was $22,568.01.

12. On March 28, 2011 Deckers filed a proof of claim asserting an unsecured nonpriority claim in the amount of $23,858.61 (the "Proof of Claim"). The Proof of Claim was denominated as Claim No. 106 on the Bankruptcy Court's claims register.

COUNT I (Preference - 11 U.S.C. § 547)

13. The Trustee repeats and incorporates herein by reference paragraphs 1 through 12 of this Complaint.

14. Upon information and belief, within ninety days before the commencement of the bankruptcy case, the Debtor made two transfers to or for the benefit of Deckers totaling $45,136.02.

15. Such transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

16. The Debtor was insolvent at the time of such transfers.

17. The amount transferred to or for the benefit of Deckers by the Debtor was greater than the amount Deckers would receive if such transfers had not been made and Deckers received payment to the extent provided by the Bankruptcy Code.

18. The Trustee is therefore entitled, pursuant to § 547 of the Bankruptcy Code, to avoid said transfers.

19. Pursuant to § 550(a)(1) of the Bankruptcy Code, the Trustee may recover the $45,136.02 transferred, plus interest from the date of said transfers, from Deckers.

## COUNT II (Objection to Claim)

20. The Trustee repeats and incorporates herein by reference paragraphs 1 through 19 of this Complaint.

21. Property is recoverable from Deckers pursuant to § 550 of the Bankruptcy Code. Deckers has not paid the Trustee the value of such property.

22. Pursuant to § 502(d) of the Bankruptcy Code, the Proof of Claim should be disallowed in full.

## PRAYERS FOR RELIEF

WHEREFORE, the Trustee requests that this Court:

1. Enter an order avoiding the transfers made by the Debtor to or for the benefit of Deckers within ninety days before the date of the filing of the Debtor's bankruptcy petition, as preferences within the meaning of § 547 of the Bankruptcy Code, and enter judgment in favor of the Trustee and against Deckers in the amount of the $45,136.02 transferred, plus interest from the date of the transfers, pursuant to Bankruptcy Code § 550(a)(1);

2. Enter an order disallowing in full the Proof of Claim; and

3. Grant the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO 553158
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

Dated: January 24, 2013

4840-9192-8338, v. 1